IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENNIS SALZIDO <br> (TDCJ No. 1613853), § § § | | |
| Petitioner, § § | | |
| V. § | No. 3:15-cv-4036-P-BN | |
| § | | |
| WILLIAM STEPHENS, Director <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, § § § § § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Jorge A. Solis.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should *sua sponte* transfer this case to the Fort Worth Division of the Northern District of Texas.

**Background**

Petitioner Dennis Salzido, a Texas prisoner, currently incarcerated in the Boyd Unit of the Texas Department of Criminal Justice ("TDCJ"), in Teague, has filed a 28 U.S.C. § 2254 application for a writ of habeas corpus concerning his December 2009 DWI conviction in the 396th District Court in Tarrant County, Texas, which resulted in a 25-year sentence. *See* Dkt. No. 3.

**Legal Standards and Analysis**

"Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d); *see also Ex parte Green*, 39 F.3d 582, 583-84 (5th Cir. 1994). These filing requirements are jurisdictional. *See United States v. Mares,* 868 F.2d 151, 152 (5th Cir. 1989). The district court in which such an application is filed, in the exercise of its discretion and in furtherance of justice, may transfer the case to another district court for hearing and determination. *See* 28 U.S.C. § 2241(d).

The sentence at issue in this proceeding results from a conviction out of Tarrant County, Texas, which lies within the Fort Worth Division of the Northern District of Texas. *See id.* § 124(a)(2). Petitioner is currently incarcerated in the Boyd Unit of the TDCJ-CID, in Freestone County, which lies within the Waco Division of the Western District of Texas. *See id.* § 124(d)(2). This matter does not belong in the Dallas Division of the Northern District of Texas.

The undersigned therefore concludes that Petitioner's application, challenging his conviction, should be transferred to the Fort Worth Division of the Northern District of Texas, the district and division in which the state court that convicted and sentenced Petitioner is located. *See, e.g., Henderson v. Quarterman*, No. 3:07-cv-248-B,

2007 WL 1411558 (N.D. Tex. May 11, 2007).

## Recommendation

This action should be transferred to the Fort Worth Division of the Northern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 23, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE